IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIEFF JONES,<br>    Petitioner, | :<br>:<br>: |
| v. | :   Civ. No. 16-949 |
| THE DISTRICT ATTORNEY FOR THE<br>CITY OF PHILADELPHIA *et al.*,<br>    Respondents. | :<br>:<br>:<br>:<br>: |

**O R D E R**

State prisoner Petitioner Sharieff Jones has filed *pro se* Objections to Magistrate Judge Perkin's recommendation that I deny habeas relief. (R&R, Doc. No. 33; Objs., Doc. No. 57); 28 U.S.C. § 2254. I will overrule Jones's Objections, adopt Judge Perkin's Report and Recommendation, and deny the Petition.

**I. LEGAL STANDARDS**

I must review *de novo* those portions of Judge Perkin's Report to which timely, specific objections have been made. 28 U.S.C. § 636(b)(1)(C). Although I construe *pro se* habeas petitions liberally, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Guzman v. Rozum, No. 13-7083, 2017 WL 1344391, at *9 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity."); Luckett v. Folino, No. 1:09-CV-0378, 2010 WL 3806822, at *1 (M.D. Pa. 2010) (overruling objections to R&R because "[e]ach of these objections

seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge[.]")

## II.    BACKGROUND

The state trial court summarized the underlying facts as follows:

> In the early morning hours of August 21, 2005, the victim Mitchell George was in the company of friends, Latasha Davis, her cousin, Tara Davis, and a friend, Michele Abney. They were out to celebrate Latasha Davis'[s] birthday. As the group left a club at the corner of 53rd and Market Streets in Philadelphia at approximately 1:45 AM, Tara Davis and others observed [Petitioner] across the street in front of a Chinese food take-out store. Tara Davis and [Petitioner] had had a relationship which had ended in 2004. (N.T. 2/6/07, 80-84).
> Latasha Davis testified that [Petitioner] approached the group at the victim's car which was parked underneath the El. [Petitioner] began a loud argument with the group of women. [Petitioner's] brother, Ramarr Jones was also present and everyone told [Petitioner] to just walk away. As [Petitioner] began to walk away, something was said by one of the wom[e]n. [Petitioner] then turned around and struck Tara Davis in the face. (N[.]T[.] 2/6/07, 87-89).
> Ms. Davis further testified that at that point an argument ensued between [Petitioner] and the Ms. Davis cousin. The decedent attempted to get everyone in the car. The decedent entered the front passenger seat. [Petitioner] jumped on him. Again, [Petitioner]'s brother tried to get [Petitioner] to leave. While [Petitioner] was on top of the decedent, [Petitioner] tried to pull a gun out of his back. Ms. Davis tried to get the gun, which was wrapped in a sock, and [Petitioner] struck her in the face with it. A few seconds later, she heard two gun shots and then saw [Petitioner] run away. The decedent's leg shook and then stopped shaking. (N.T. 2/6/07, 89-94).
> Michele Abney testified similarly concerning the chain of events prior to the shooting. Concerning the killing she testified that when the decedent opened the car door, [Petitioner] pushed him face down onto the seat. She saw a struggle and then heard two gun shots. (N.T. 2/6/07, 114- 122).

Commonwealth v. Jones, Supplemental Tr. Ct. Op., 5/2/08, pp. 3-5; Resp., Ex. A, pp. 3-5.  Jones was convicted by a jury of first-degree murder, possessing an instrument of crime, and possessing a firearm without a license before the Honorable Shelley Robins.  (R&R 1.)  Jones subsequently filed direct and collateral appeals in state court, before submitting the instant Petition, asserting four grounds entitling him to relief.  (R&R 1-4.)  Magistrate Judge Perkin deemed these grounds meritless in a thorough Report and recommends that I deny relief.  (R&R 1-27.)

After receiving five extensions of time, Jones filed Objections to Judge Perkin's Report &

2

Recommendation.

**III.    OBJECTIONS**

Jones's Objections are not entitled to *de novo* review, as they are utterly unresponsive to the Report.  See, e.g., Gray, 2017 WL 2834361, at *4.  Even read generously, Jones does no more than elliptically repeat four claims already rejected by Judge Perkin, that: (1) the evidence at trial was insufficient to convict; (2) trial counsel was ineffective for failing to argue self-defense; (3) trial counsel was ineffective by preventing Jones from testifying; and (4) there was prosecutorial misconduct.  (Objs. 1-3.)  For example, Jones continues to insist that he received "ineffective counseling" at trial because his lawyer failed to argue Jones's "actions [were] justifiable" on the night of the murder, and "none" of the evidence for self-defense "was brought to the court['s] attention."  (Id. at 1.)  Yet, Jones ignores Judge Perkin's contrary conclusion—reached after a careful review of the evidence and the law—that "counsel cannot be deemed ineffective for failing to pursue a meritless self-defense claim."  (Id. at 2; R&R 26.)  Jones's other repetitious points are similarly presented in a conclusory manner wholly untouched by Judge Perkin's analysis.

The closest Jones comes to objecting to the R&R is his apparent argument that any default of his ineffectiveness claim respecting self-defense should be excused by appellate counsel's ineffectiveness.  (Id.)  Unfortunately, Judge Perkin did not deem this claim *defaulted*; rather, he concluded that Jones had failed "to prove that the Superior Court's resolution of this claim was contrary to federal law or an unreasonable determination of the facts," as trial counsel's decision not to argue a meritless self-defense theory was "reasonable and strategic."  (R&R 25-26.)

In his Objections, Jones also appears to raise entirely new claims: that trial counsel was ineffective for failing to object to the prosecutor's "false accusations"; and that Jones's Confrontation right was violated.  (Objs. 3 ("I have the right to face all who accuse[].").)  Jones

offers nothing to support these contentions which, in any event, are not properly raised for the first time by way of Objections to Judge Perkin's Report. See, e.g., Mancebo v. DelBalso, 2020 WL 5943863, at *1 n. 1 (E.D. Pa. Oct. 6, 2020).

In sum, because Jones has failed to present any actual Objections to the Report, *de novo* review is not called for. See, e.g., Becker v. Tennis, 2011 WL 2550544, at *1 n. 3 (E.D. Pa. June 23, 2011) (declining to address objections that were "nothing more than a restatement of the underlying claims contained in [defendant's] petition."). I have nonetheless closely reviewed Judge Perkin's Report and Recommendation, which is plainly correct. Accordingly, I will adopt it and deny relief.

## IV.   CONCLUSION

**AND NOW**, this 20th day of April, 2021, upon consideration of the pleadings and record, and after careful review of Judge Perkin's Report and Recommendation (Doc. No. 33) and all related submissions, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 57) are **OVERRULED**;

2. Judge Perkin's Report and Recommendation (Doc. No. 33) is **APPROVED** and **ADOPTED**;

3. I will **DENY** Jones habeas relief without a hearing because the record conclusively demonstrates that he is not entitled to such relief. See United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008);

4. I will not issue a certificate of appealability because reasonable jurists would not debate the correctness of my ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000);

5. Respondents shall mail a copy of this Order to Jones; and

6. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.